JAMES M. MICKEL, Respondent, *v.* TOBIAS MICKEL, Appellant.

County Court, Schoharie County, February 2, 1934.

*Mauhs & Van Deusen*, for the appellant.

*Francis L. Smith* [*Wallace H. Sidney* of counsel], for the respondent.

GOLDING, J. The only reason urged for reversal is that the court erred in refusing appellant's request to grant an adjournment. In the former trial the jury disagreed. The stenographer who took the testimony had not transcribed all the evidence. After the

jury's disagreement a new venire was issued, the jury summoned and on the return day appellant's counsel moved for an adjournment so he could have time to secure the evidence from the stenographer. The appellant's attorneys had their own stenographer take all the testimony during the trial. The justice stated that both parties had been through the trial and that appellant's attorneys' stenographer had taken the full record; that he did not believe the testimony of the previous trial absolutely essential and not a sufficient cause for adjournment and " if we didn't have a jury, it would be a different thing." Respondent's counsel were willing to draw a jury but did not want to try the case in face of the objection. The justice suggested that appellant would not be harmed in drawing a jury; that the present jurors be examined and if a new venire was necessary it could be made returnable on the adjourned date. Appellant was willing to draw a jury but imposed as a condition that they stipulate the adjournment which the court refused. The justice's minutes show the court proceeded to the matter of drawing a jury, " whereupon Mr. Mauhs and Mr. Van Deusen with their stenographer and with their client withdrew from the Court room and after the Court had clearly stipulated that we would proceed with the drawing of the jury in order that we might determine whether we had a sufficient number of jurors qualified and accepted and to determine whether it. would be necessary to issue a new venire in order to complete the jury, and that when present list of jurors had been examined an adjournment could be taken upon stipulation of the parties to such time as the record might be completed and the balance of the jury, if so required, might be obtained."

Neither party was prejudiced by proceeding to examine the jurors present. In the previous trial, to secure a jury, it was necessary to issue two venires. If either party had an advantage because the minutes were not all transcribed, it was the appellant, whose stenographer had also taken the full record. Both stenographers were in court and the stenographic minutes could have been easily referred to, if necessary.

Adjournments in these cases are regulated by section 1429 of the Civil Practice Act which provides " At the time when issue is joined, the judge or justice, in his discretion, at the request of either party and upon proof to his satisfaction by affidavit or orally that an adjournment is necessary to enable the applicant to secure his necessary witnesses, or by consent of all parties who appear, may adjourn the trial of the issue, but not more than ten days, except by consent of all parties." Litigants in these proceedings are entitled to have their case promptly tried and, for this reason,

adjournments are usually in the discretion of the justice. This litigation is between father and son and should be speedily disposed of. Jurors each receive a twenty-five-cent fee for serving in these cases and the fees of the justice are small. They should not be compelled to leave their business or trade by reason of unnecessary adjournments. The justice should be sustained in his endeavor to secure the jury. He had already indicated, " If a new venire is necessary it could be issued returnable on the *adjourned date.*" The appellant and his attorneys with their stenographer left the court room and the respondent continued, the jury was drawn and evidence submitted and the jury found for him. The appellant was not barred by the rulings of the court but rather by his own act in leaving the court room in the midst of the trial.

Final order affirmed, with ten dollars costs.